Ruffin, C. J.
 

 The Court thinks the decision of his Honor right. No weight is allowed to the circumstance, that the defendant took out subpoenas, as he might not then have known of the deficiency in the bond ; and the
 
 *93
 
 motion, we think, is in due time at the first term and before the trial begins. It is not within any of the cases, in which it has been held that the appellee waived his right to a better bond by his laches ; for in neither of them was the motion at the first term.
 
 Ferguson
 
 v.
 
 McCarter,
 
 No. Ca. T. R. 107.
 
 Wallace
 
 v.
 
 Corbit,
 
 4 Ired. 45. Unless waived by his delay, the statute expressly requires that number at least; and the Court would have been bound to dismiss this appeal, if such a bond had not been given. But we think the new' bond was an answer to the defendant’s motion; for it fully meets the purposes of the act and the ends of justice, by effectually securing the appellee, and, substantially, by the means prescribed in the statute. Although the proper bond was not taken at the proper time, yet the Court has the power to supply the omission ; as was done with respect to
 
 certiorari
 
 bonds in the cases of
 
 Fox
 
 v.
 
 Steele,
 
 1 Law Repos. 379, and
 
 Rosseau
 
 v.
 
 Thornberry, 2
 
 Law Repos. 442. The act of 1810,
 
 Rev. Stat. ch. 4, sec.
 
 16, requires the clerk of theCounty Court to take the bond, as in cases of appeals, and send it up with the record ; yet upon a motion to dismiss, for the want of such a bond, the plaintiff in the
 
 certiorari
 
 was allowed to give a proper bond in the Superior Court.
 

 It was argued, that this plaintiff should have been put to his
 
 certiorari;
 
 because on the bond' then to be given, there would be a summary judgment, which cannot be on the present one. If there were the difference in tho remedy supposed, it does not follow that the delay and expense should be thrown on the' plaintiff, which would arise from dismissing the appeal. But, we think, the objection is founded on a mistake as to the remedy. It is clearly in the power of the Court, to require from time to time further security for the costs from the plaintiff, and the sureties in the new bonds are bound for all the costs, at whatever period accrued ; and, certainly since the Act of 1831,
 
 Rev, St, Ch, 3Sec.
 
 133, they are liable sum
 
 *94
 
 marily. The acts giving the summary judgments, being remedial, are to be construed literally, as authorising judgments on motion upon all bonds, given at any stage of the case, for the prosecution of a suit on an appeal.
 

 This opinion will be certified to the Superior Court.
 

 Per Cbeiam. Ordered accordingly.